**STRICKEL v. BROWNFIELD STATE BANK et al. (No. 2233.)***

(Court of Civil Appeals of Texas. Amarillo. Jan. 9, 1924. Rehearing Denied · Jan. 23, 1924.)

1. Brokers ⚮65(1) — Broker's inclusion, in contract with purchaser, of provision protecting broker, not necessarily evidence of bad faith.

That a broker, in drafting contract with the purchaser procured by him, placed therein a provision protecting the broker against failure of owner to carry out his contract with broker, by providing for payment of a portion of the earnest money to broker, on failure of purchaser to consummate the transaction, does not necessarily evidence bad faith on part of broker toward owner.

2. Brokers ⚮38(1)—Broker's right to commission good defense in owner's action for earnest money forfeited· by purchaser.

In owner's action against broker for earnest money forfeited by purchaser procured by broker, on failure to consummate contract, the broker could defend on the ground that it was entitled thereto as its commission, and was not required to plead the right thereto as a counter-claim, or to pay money to owner and bring suit therefor.

3. Appeal and error ⚮1050(1)—Evidence as to time necessary for cure of defects in title harmless, where vendor and purchaser released each other from the contract.

In owner's action against broker for earnest money forfeited by purchaser and claimed by the broker as its commission, admission of testimony as to the length of time reasonable and necessary to cure defects in the title, if error, was harmless, in view of testimony that purchaser and owner mutually in writing released each other from the contract.

4. Brokers ⚮88(5)—Whether broker, in preparing and signing contract with purchaser, acted for best interest of owner held for jury.

In owner's action against broker for portion of earnest money forfeited by purchaser, which the broker claimed as its commission, submission of issue whether the broker, in preparing and signing the contract with the purchaser, acted for the best interests of the owner held proper.

5. Brokers ⚮88(4)—Whether owner defaulted in performance of contract with purchaser held for jury.

In owner's action against broker for portion of earnest money forfeited by purchaser, which the broker claimed as its commission, submission of issue whether owner defaulted in the performance of the contract with the purchaser held proper.

6. Appeal and error ⚮1099(4)—Decision on former appeal held law of case on subsequent appeal.

Decision on former appeal, that a contract was not an option contract, held the law of the case on subsequent appeal.

7. Appeal and error ⚮1062(1)—Submission of issue held harmless, in view of finding.

In owner's action against a broker for portion of earnest money forfeited by purchaser, submission of issue whether the owner and the purchaser believed the contract to be an option contract, notwithstanding decision on former appeal that the contract was not an option contract, held harmless, in view of finding that contract was not an option.

8. Appeal and error ⚮1001(1)—Findings of jury in answer to special issue supported by evidence conclusive on appeal.

Findings of jury in answer to special issues, when supported by the evidence, will not be set aside by the Court of Civil Appeals.

Appeal from District Court, Terry County; C. M. Mullican, Judge.

Suit by W. T. Strickel against the Brownfield State Bank and another. Judgment for .defendants, and plaintiff appeals. Affirmed.

R. A. Sowder and Spencer & Randal, all of Lubbock, for appellant.

Bean & Klett, of Lubbock, and Joe J. McGowan and Geo. W. Neill, both of Brownfield, for appellees.

RANDOLPH, J. This is the second appeal in this case. 250 S. W. 258.

---

W. T. Strickel, appellant, brought this suit in the district court of Terry county against the Brownfield State Bank and the King Land Company, and the parties will herein be designated as in the trial court.

Plaintiff listed a certain tract of land owned by him with the defendant land company for sale, by a contract in writing, which provided for the agent's compensation to be 5 per cent., and contained the further provision:

"Should purchaser fail to complete his contract and forfeit earnest money, then such earnest money shall be equally divided between the J. B. King Land Company and the owner of the land. Commission is due when sale is completed."

The defendant land company found a prospective purchaser in one Johnson, and a contract was signed by him for the purchaser of the land, and was also signed by the land company as agent for plaintiff, which contract contained the following provision as to the forfeit money:

"(4) If party of the second part refuses to accept a good title and deed and otherwise comply with this contract, then the earnest money, this day placed in escrow, shall be considered a forfeit and be delivered by the Brownfield State Bank to said party of the first part, as liquidated damages, save the sum of $1,040, which shall go to the J. B. King Land Company, as their compensation in bringing about this agreement. But if this contract is consummated the earnest money shall be considered as a part of the cash payment, and shall be so applied by the Brownfield State Bank."

This contract, as indicated by its terms, was, with the earnest money, deposited in said bank.

The principals to said contract failing to conclude the sale, but, on the contrary, expressly releasing each other from their liability thereon, in consideration of the $2,000 earnest money being surrendered to the owner, the bank acting, as charged by it, under the direction of the sales contract deposited with it, and over the protest of the plaintiff, paid to the defendant land company $1,040, and to the plaintiff $960, and plaintiff thereupon filed this suit against the land company and the bank to recover the said sum of $1,040. Judgment was rendered in the trial court against the plaintiff, and he then appealed to this court.

If the plaintiff defeated the consummation of the sale, then it naturally follows that the land company was entitled to its commission. This being true, many of the errors assigned become immaterial, and it will not be necessary to consider them.

[1] There can be no question that the evidence, as a whole, shows that the purchaser was procured by the land company, and that the sale was not consummated because of the fact that the purchaser surrendered and the plaintiff accepted the forfeit in lieu of said consummation. The fact that the defendant land company, in drafting the sales contract, placed in said contract a provision protecting themselves against the failure of their principal to carry out his contract, does not necessarily evidence bad faith on their part towards their principal.

[2] The state of facts which would have entitled the land company to recover for such commission, if they had brought suit therefor, will entitle them to prevail when such facts are presented defensively. Babcock v. Marshall, 21 Tex. Civ. App. 145, 50 S. W. 731.

No other rule can be equitably applied in this case. It appears to us that the defendant land company, having come into possession of the money, had the right in law and equity to retain same and refuse its repayment to their principal, and that to require them to pay the money to their principal and then to bring suit for the recovery of their commission would be unjust—would subject them to the risk of being unable to make the money out of their principal. It is true that they do not plead their right as a counterclaim and pray for recovery thereon, but plead same simply as a defensive matter, and this we think they were entitled to do. 31 Cyc. p. 245.

Believing this statement of the rights of the parties under the contractual relationship between them to present fundamentally the rights of each party, or the rights of the defendant land company, we will not proceed to discuss such errors assigned as enter into or affect the establishment of such relationship.

[3] The witness Johnson testified as to the length of time reasonable and necessary within which to cure defects in the title to the land in controversy, which was excepted to. This error, if any, becomes immaterial, in view of the evidence showing that the purchaser and the plaintiff, mutually in writing, released each other from the contract of sale.

[4] The evidence and verdict of the jury thereon, establishing good faith on the part of the defendant land company in the preparation of the contract of sale, and that the plaintiff had a copy of such contract in his possession, sent to him by the defendant land company, there was no error in submitting issue No. 3, wherein the trial court asked the jury whether or not, in the preparation and signing of the sales contract, the land company so prepared same as to best serve the interests of their principal.

[5] The issue as to whether or not the plaintiff breached the sales contract through some fault or default was proper. If the plaintiff wished this inquiry extended, the error would be upon the failure to extend same upon special issues submitted by him, rather than allegation of error as to the issue actually submitted.

[6, 7] Issue No. 4, in which the court sub-

mitted to the jury the question as to whether or not the purchaser and the principal believed the contract to be an option contract, was an improper matter to be submitted to the jury; this court in the former decision in this case having held as a matter of law that the contract was not an option contract, and what the opinion of the parties as to the sales contract was could not affect defendant land company's rights under the contract, but we cannot see how injury could have resulted to the plaintiff by its submission.

[8] The findings of the jury in answer to special issues that the plaintiff knew of the clause in the listing contract relating to the one-half division of the forfeit money, that the land company did not withhold or conceal the true contents from the plaintiff, and that the plaintiff defaulted in the performance of the contract, are supported by the evidence, and we have no authority to set them aside.

We overrule all assignments, and order an affirmance of the trial court's judgment.